liKNOLL, Judge.
This personal injury lawsuit is before us on remand from the Louisiana Supreme Court. The facts of this case were fully delineated in our earlier opinion, Olivier v. LeJeune, 94-697 (La.App. 3 Cir. 12/7/94); 649 So.2d 753, and in the opinion of the Supreme Court, 95-0053 (La.2/28/96); 668 So.2d 347, and will not be repeated.
The jury awarded Olivier $5,500 for past medical expenses and $1,000 for mental pain and suffering. The jury awarded nothing for loss of consortium, future pain and suffering, and future medical expenses. On post-trial motions for JNOV and for a new trial or additur, the trial court increased the award for past medical expenses from $5,500 to $8,835.22 and denied the motions in all other respects. The sole issue on appeal is whether the jury’s damage award was abusively low.
^STANDARD OF REVIEW
Olivier contends that the jury abused its discretion in failing to award him damages for future pain and suffering, future medical expenses, and loss of consortium.
The defendants contend that since Olivier, did not introduce any objective evidence to substantiate that he suffered a low back injury as a result of the October 18, 1991, automobile accident, the extent of his damages “boiled down to a question ■ of credibility.” Additionally, they argue that the jury’s denial of Mrs. Olivier’s loss of consortium claim was justified by its disbelief of Mr. Olivier.
Much discretion is left to the judge or jury in the assessment of damages in tort *57 eases. La.Civ.Code art. 1999. The basic question when an appellate court reviews a lower court’s general damages award ■ is whether the trier of fact has abused its discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979).
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reasons, be considered either excessive or inadequate. Reck, 373 So.2d 498.
The jurisprudence is firmly established that a tortfeasor takes his victim as he finds him. To this extent, it is undisputed that Olivier had a congenital back condition which was asymptomatic prior to the accident. In a personal injury suit, the plaintiff must prove causation by a preponderance of the evidence. Morris v. Orleans Parish School Bd., 553 So.2d 427 (La.1989). The plaintiff is aided in its proof Rburden by a presumption described in Housley v. Cerise, 579 So.2d 973, 980 (La.1991), as follows:
A claimant’s disability is presumed to have resulted from an accident, if before-the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
It is well established in the record that Olivier had spondylolisthesis, a congenital defect in the spine, that pre-dated the accident. It is likewise well established that during Olivier’s 35 years of arduous labor in the oil fields, he had no back pain that interfered with his work. It is further shown in the record that shortly after the accident, Olivier complained of pain in the back to Dr. Dega-tur and that within months Olivier’s back pain radiated to his legs, ultimately causing numbness in his right leg.
Dr. Louis C. Blanda, the orthopedist who treated Olivier, testified that the accident exacerbated Olivier’s previously asymptomatic congenital spondylolisthesis. Even after several months of conservative treatment, Dr. Blanda detected muscle spasms in Olivier’s lower back.
Although the defendants introduced no contrary medical evidence to refute the medical opinions of Dr. Degatur and Dr. Blanda, they contend that the jury simply did not believe Olivier’s testimony about the onset of his pain and the effect that his symptomatic spondylolisthesis had on his life. We have carefully reviewed the record in light of the defendants’ contention and find that their assertion does not defeat the causation link between the accident and the back pain which appeared immediately thereafter. Olivier promptly sought medical treatment for his complaints of back pain. It is likewise true that although Olivier had a pre-existing back condition, he was never treated for the spondylolisthesis and this condition never Ucaused him pain. In a like vein, Dr. Blan-da’s opinion was that probably the automobile accident aggravated Olivier’s spondylolis-thesis and caused it to become symptomatic.
Lastly, we do not find that the videotape surveillance film discredits Olivier’s credibility. As found by the Louisiana Supreme Court, “The plaintiff was not prejudiced by the videotape since it showed nothing more than the plaintiff engaged in activities which he admitted he was capable of performing.” Olivier, 668 So.2d at 351 (La.2/28/96). Accordingly, we find no merit to the defendants’ contention that the jury verdict can be upheld because Olivier was not a credible witness.
Considering all the evidence, we find that the jury was clearly wrong in its determination that the accident did not cause Olivier’s pre-existing spondylolisthesis to become symptomatic. Based upon this determination, we find that the lowest amount the jury could have awarded for Olivier’s past pain and suffering was the sum of $30,000. For Olivier’s future pain and suffering, we find *58 that the lowest amount within the discretion of the jury was the sum of $20,000.,
With regard to medical expenses, we find that Olivier proved by a preponderance of the evidence that he was entitled to past and future medical expenses. We affirm the trial judge’s additur which awarded Olivier $8,835.22 for his past medical expenses. After considering the record as a whole, we find that the evidence preponderates that Olivier will have to undergo surgery to alleviate the pain produced by the aggravation of his spondylolisthesis. From the stipulations entered into evidence, we find that the lowest amount awarded for this item of damages is $29,500.
Finally, we conclude that the jury erred as a matter of law in failing to award Mrs. Olivier damages for her loss of consortium. The record graphically described IsMrs. Olivier’s close relationship with Mr. Olivier and details the many ways that their relationship has suffered as a result of this automobile accident. For the reasons expressed in our earlier opinion, we find that an award of $15,000 is appropriate for Mrs. Olivier’s loss of consortium.
For the foregoing reasons, we affirm in part, amend in part, reverse in part, and recast the judgment in accordance with this opinion.
It is ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Burton Olivier and against Patrick D. LeJeune and State Farm Mutual Automobile Insurance Company, in the full sum of THIRTY THOUSAND AND NO/100 ($30,-000) DOLLARS, together with legal interest from date of judicial demand for his past pain and suffering.
It is ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Burton Olivier and against Patrick D. LeJeune and State Farm Mutual Automobile Insurance Company, in the full sum of TWENTY THOUSAND AND NO/100 ($20,-000) DOLLARS, together with legal interest from date of judicial demand for his future pain and suffering.
It is ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Burton Olivier and against Patrick D. LeJeune and State Farm Mutual Automobile Insurance Company, in the full sum of EIGHT THOUSAND EIGHT HUNDRED THIRTY-FIVE AND 22/100 ($8,835.22) DOLLARS, together with legal interest from date of judicial demand for his past medical expenses.
It is ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Burton Olivier and against Patrick ■ D. LeJeune and State Farm Mutual Automobile Insurance Company, in the full sum of TWENTY-NINE THOUSAND JgFIVE HUNDRED AND NO/100 ($29,500) DOLLARS, together with legal interest from date of judicial demand for his future medical expenses.
It is ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Shirley Olivier and against Patrick D. LeJeune and State Farm Mutual Automobile Insurance Company, in the full sum of FIFTEEN THOUSAND AND NO/100 ($15,-000) DOLLARS, together with legal interest from date of judicial demand for her loss of consortium.
Costs of trial and this appeal are assessed to the defendants.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART AND RENDERED.