I ¡.CANNELLA, J.
Defendants, Allstate Insurance Company and Victorine Selle, appeal the trial court judgment, which finds them liable to plaintiff, Thomas Mayeux, for the injuries he sustained in an automobile accident. For the reasons which follow, we affirm.
On May 8, 1993, plaintiff was in his vehicle with his two children, backing out of his parking place in a department store parking lot. Defendant Selle backed her automobile out of a parking space and struck the left side of plaintiffs vehicle. Plaintiffs children had yelled, attempting to alert their father to the impending collision. In response to the children’s warning, plaintiff had turned to look, which *1175 resulted in his right shoulder hitting the steering wheel when his vehicle was struck. Plaintiff filed suit contending that he suffered injuries to his neck and shoulder as a result of the accident.
| aFollowing a bench trial, the defendants were held liable to plaintiff for the injuries he sustained in the accident in the amount of $27,534.80 plus interest and expert witness fees. It is from this judgment that defendants appeal.
Only quantum is being appealed. In the two assigned errors, defendants contend that the trial court erred in awarding general damages based on a finding that plaintiff sustained a fifteen month injury of $15,000 for past pain and suffering and $7,500 for future pain and suffering.
Plaintiff argues that the medical testimony was uncontradicted and supports the trial court’s judgment. Also, the trial court made a credibility determination regarding plaintiffs testimony and defendants have made no showing that the court was clearly wrong.
It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the fact-finder’s findings of fact in the absence of manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 865 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State through DOTD, 617 So.2d 880 (La.1993). When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact’s findings. Only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding [ 4and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979).
In thorough reasons for judgment, the trial judge noted her initial skepticism because of the low impact of the accident. However, she went on to find that the plaintiff overcame that skepticism and met his burden of proof through credible medical testimony, the circumstances of the accident and his own credible testimony about his injuries. The trial court specifically referred to the peculiar circumstances of the accident. Plaintiffs children yelled, which caused plaintiff to tense up and turn to the side so that his right shoulder struck the steering wheel in an odd position. She found, based on the un-contradicted medical testimony, that plaintiff had asymptomatic arthritis before the accident which became symptomatic as a result of the accident. The trial court acknowledged that she was aware of the January of 1995 accident in which plaintiff was later involved, but felt that plaintiffs ongoing problems were due, at least in part, to this accident.
Defendants have not satisfied this court that the trial judge was clearly wrong in her factual determinations. To the contrary, the record supports the trial court judgment. Dr. Melvin Parnell, plaintiffs long time physician, testified without contradiction that plaintiff had sustained an injury to his shoulder as a result of the May 8, 1993 accident and that he was still having difficulties from |Rthat injury in July of 1994, over a year later. Plaintiff was initially treated by Dr. Parnell with *1176 muscle relaxers and analgesics and eventually by cortisone injection. Plaintiff felt that he was not getting sufficient relief from this treatment so he consulted another physician, Dr. Chris Baffes. Dr. Baffes treated plaintiff conservatively with physical therapy from May of 1993 through December of 1993. Thereafter, still in pain, plaintiff consulted an orthopaedic surgeon, Dr. Wilmot Ploger, who essentially agreed with Dr. Parnell’s assessment. Plaintiff eventually went back to Dr. Parnell in June of 1994 because he was still suffering with shoulder pain. Dr. Parnell testified that plaintiffs persistent shoulder problems were due, at least in part, to the May of 1993 accident. Dr. Parnell also testified that plaintiff would likely continue to have some residual intermittent problems in the future. While much of the physicians’ diagnoses rested on subjective complaints of pain by plaintiff, Dr. Parnell did find some objective evidence of the pain in the form of spasm and lack of full range of motion. Further, the trial court made a credibility determination, expressly stating that she found the plaintiff to be very credible.
Therefore, we find ample support in the record for the trial court decision and no showing that the trial court was manifestly erroneous or clearly wrong in its determination that plaintiff suffered compensable injuries in the amount awarded as a result of the accident with defendant and that plaintiff will have some future residual pain from the accident as well.
Accordingly, for the reasons set out above, the judgment of the trial court is affirmed. Costs of appeal are assessed against defendants.
AFFIRMED.